**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **LUX PRODUCTS CORP.** | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. _____ |
| **ELEMENTI MODERNI, LLC** | ) **JURY TRIAL DEMANDED** |
| *Defendant.* | ) |

## COMPLAINT

Plaintiff Lux Products Corporation ("Lux"), by and through its undersigned counsel, files this complaint against Defendant Elementi Moderni, LLC ("Elementi" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, specifically for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 *et seq*.

## THE PARTIES

2. Plaintiff Lux is a Delaware corporation, having a principal place of business at 4747 South Broad Street #330, Philadelphia, Pennsylvania 19112.

3. Upon information and belief, Defendant Elementi is a Texas Limited Liability Company, having a principal place of business at 200 Henderson Street, Apartment 1116, Fort Worth, Texas 76102-2796.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331-32 and 1338(a).

5. This Court has personal jurisdiction over the Defendant at least because Defendant has substantial, continuing, and on-going contacts with the State of Delaware and this judicial district and the Defendant has and continues to sell the products at issue in this case into the State of Delaware and this judicial district.

6. Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b)-(d) and § 1400(b) in that acts of patent infringement occurred in this judicial district.

## FACTS

7. Plaintiff Lux has produced home electronics, including thermostats and timers, for over two decades.

8. On September 11, 2003, Michael R. DeLuca ("the Inventor") assigned his interest in the invention to Lux. On October 8, 2003, Lux filed U.S. Patent Application No. 10/681,475 ("the '475 application"). The assignment was recorded in the United States Patent and Trademark Office ("USPTO") on October 8, 2003 at Reel 14600, beginning at Frame 844.

9. On February 13, 2007, the USPTO issued U.S. Patent No. 7,175,098 ("the '098 patent") based on the '475 application. A copy of the '098 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

10. The '098 patent is valid and enforceable. The term of the '098 patent will expire on or about May 30, 2024.

11. The '098 patent discloses and claims various novel and unique features related to a device capable of detecting ambient temperature and selectively enabling and/or disabling a

temperature moderating device having a power connector, based upon the ambient temperature and a predetermined temperature.  For example, the '098 patent teaches thermostat control of a space heater that would otherwise not be programmable.

12.     Plaintiff Lux is the assignee of all right, title, and interest in and to the '098 patent and possesses all rights of recovery under the '098 patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

13.     Upon information and belief, for all times relevant to this Complaint, Defendant has been making, using, selling or offering to sell products covered by one or more of the claims of the '098 patent and continue to do so to this day.  By way of example, these products include, but are not limited to: an AccuControls HY02-TE outlet thermostat ("Initially Accused Product").

14.     Upon information and belief, Amazon.com ("Amazon") is a distributor for Elementi of the Initially Accused Product in the State of Delaware, among other places, via an interactive Internet site capable of selling the Initially Accused Product.  A copy of an Amazon webpage identifying the Initially Accused Product for sale is attached hereto as Exhibit B.

15.     A sample of the Initially Accused Product was purchased for delivery to the State of Delaware on January 12, 2016.

16.     On information and belief, the Defendant knew or should have known that the Initially Accused Product would be and is placed into the stream of U.S. commerce and actively offered for sale or sold to residents in the State of Delaware.

17.     Since Lux and Elementi sell competing thermostat devices on competing platforms, including Amazon's website, they are therefore direct competitors.

## COUNT I
## INFRINGEMENT OF THE '098 PATENT

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

19. The claims of the '098 patent are presumed valid pursuant to 35 U.S.C. § 282.

20. Upon information and belief, Defendant has been and is currently infringing one or more of claims of the '098 patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering to sell, selling or importing into the United States, without license or authority, at least the Initially Accused Product, which is covered by one or more of the claims of the '098 patent, including at least claim 10.  Upon information and belief, the Initially Accused Product includes a programmable temperature control apparatus having at least one outlet for removeably engaging a power connector, a temperature sensor, and a programmable controller coupled to the outlet and the sensor programmed to control the operation of a temperature modifying device, via the electrical outlet, by comparing the measured ambient temperature with the programmed temperature, in accordance with the '098 patent.

21. As a result of Defendant's infringement of the '098 patent, Plaintiff Lux has been damaged to an extent not yet determined.

22. Plaintiff Lux is entitled to monetary damages adequate to compensate it for infringement by the Defendant of the '098 patent and an injunction to halt Defendant from continuing to infringe the '098 patent.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lux Products Corp. prays for judgment in its favor and against defendant Elementi for the following:

(a) A judgment that Defendant has infringed the '098 patent;

(b) An award to Plaintiff Lux of damages that are adequate to fully compensate it for Defendant's infringement of the '098 patent, including a reasonable royalty, lost profits, and/or price erosion, together with prejudgment interest and costs;

(c) a preliminary and permanent injunction enjoining Defendant and those in active concert or participation therewith, from infringing the '098 patent;

(d) A finding that this case is exceptional and award Plaintiff Lux its costs, reasonable attorneys' fees, and expenses in this action, pursuant to 35 U.S.C. §§ 284-285;

(e) An accounting for damages arising from the infringement of the '098 patent by Defendant (and those in privity with Defendant), including, but not limited to, those sales not presented at trial and an award by the Court for any such sales; and

(f) An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Dated: January 13, 2016         **PANITCH SCHWARZE BELISARIO & NADEL, LLP**

By: /s/ John D. Simmons
   John D. Simmons (Bar No. 5996)
   Wells Fargo Tower
   2200 Concord Pike, Suite 201
   Wilmington, DE 19803
   Telephone: (302) 394-6030
   jsimmons@panitchlaw.com

*Attorney for Plaintiff, Lux Products Corp.*